IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) DOCKET NO.: 3:22-cr- |
| | ) |
| v. | ) **FACTUAL BASIS** |
| | ) |
| DANIEL THOMAS BROYLES, SR., | ) |
| Defendant. | ) |

NOW COMES the United States of America, by and through Joseph Beemsterboer, Acting Chief, Criminal Division, Fraud Section, and Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant and, at this time, the defendant may not have provided information to the United States about the offenses to which the defendant is pleading guilty, or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the plea agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below.

The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553(a) factors, or to the Court's overall sentencing decision.

1. Beginning in or about May 2016 and continuing through in or about May 2019, DANIEL THOMAS BROYLES, SR. participated in a scheme to defraud individuals in the United States, the United Kingdom and Canada by convincing them to invest in EarthWater Limited ("EarthWater") under the false pretense that their investment would increase substantially in value in the immediate future.

2. Specifically, starting in or about May 2016, through in or about May 2019, in Dallas, Dallas County, within the Northern District of Texas, and elsewhere, BROYLES, Cengiz Jan Comu ("Comu"), John Mervyn Price ("Price"), Harley E. Barnes, III ("Barnes"), Richard Laurence Kadish, Richard Lawrence Green, Suzanne Aileen Gagnier, Joe Edward Duchinsky, Joseph Lucien Duplain, Russell Filippo, and Donald Andrew Rothman, together with other conspirators, knowingly combined, conspired, confederated, and agreed together, and with each other, to commit the following offenses:

    a. To knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud to knowingly and intentionally place and cause to be placed in a post office and authorized depository for mail matter, and to be sent and delivered by the United States Postal

2

Service and by a private and commercial interstate carrier, mail matter, specifically victim investments in EarthWater, in violation of 18 U.S.C. § 1341; and

    b. To knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud to knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds, specifically wire transfers of victim investment funds into and from the bank account of EarthWater, in violation of 18 U.S.C. § 1343.

3. BROYLES and his co-conspirators targeted victim investors by telephone and email to induce those victim investors to purchase EarthWater stock.

4. BROYLES used the alias "Dan Thomas" and the email account "earthwater.dan@gmail.com" to mask his true identity and background from victim investors. BROYLES recruited several individuals to sell EarthWater stock and agreed to split his commission with the individuals he had recruited.

5. To obtain victims' money, BROYLES and his co-conspirators instructed victim investors, or caused victim investors to be instructed, to mail payments for EarthWater stock to EarthWater at its offices in Addison, Texas, or to wire payments directly into EarthWater's Bank of America bank account, which Comu, Price and Barnes controlled.

6. BROYLES and his co-conspirators falsely represented to victim investors orally and in written promotional materials they drafted and distributed, or caused to be distributed, to victim investors that EarthWater's stock was marketable, on the verge of an initial public offering (IPO),

3

Case 3:22-cr-00150-MOC-DCK   Document 3   Filed 06/21/22   Page 3 of 6

merger or acquisition, and would have a value of at least $5.00 per share after the IPO, merger or acquisition. BROYLES and his co-conspirators then falsely represented that victims had only a brief opportunity to purchase EarthWater stock for anywhere from $0.10 - $0.50 per share in an unregistered offering—thus promising a high-yield return on victims' investments.

7. BROYLES and his co-conspirators also falsely represented to victim investors orally and in written promotional materials they drafted and distributed, or caused to be distributed, to victim investors that EarthWater would use ninety (90) percent of invested funds to invest in and grow EarthWater's business and operations. BROYLES and his co-conspirators also falsely represented to victim investors orally and in written promotional materials they drafted and distributed, or caused to be distributed, to victim investors that fees paid to a broker-dealer with respect to sales of EarthWater shares in the unregistered offering (or "placement fees") would not exceed ten (10) percent of the purchase price of the shares.

8. BROYLES and his co-conspirators withheld from victim investors material information about the anticipated and actual use of proceeds from the sale of EarthWater stock in the unregistered offering.

9. In truth and in fact, BROYLES and his co-conspirators knew that the proceeds of EarthWater stock sales were not invested in EarthWater as described to investors but paid out to them and others for their personal benefit.

10. After a victim investor's funds were deposited into EarthWater's bank account, Comu, Price and Barnes distributed from that account, by check or wire transfer, sales commission payments of the victim's funds to the bank account(s) of the co-conspirator(s) who had contacted the victim investor and induced the victim investor to purchase EarthWater stock. BROYLES had

4

agreed with Comu that, whenever BROYLES, or one of the individuals he recruited, made a sale of EarthWater stock to a victim, BROYLES and that individual, if any, would receive as a commission totaling at least forty (40) percent of the victim's funds.

11. BROYLES'S and his co-conspirators agreed to use the invested victim funds largely for their personal benefit, not to develop and operate EarthWater as represented in the Private Placement Memoranda, executive summaries, PowerPoint presentations, and other promotional materials they drafted and distributed, or caused to be distributed, to victim investors.

12. BROYLES and his co-conspirators knew EarthWater did not have the ability to legitimately initiate an IPO for EarthWater stock or a merger or acquisition.

13. The individuals that BROYLES recruited to sell EarthWater stock directly defrauded victims of at least $285,000.

14. BROYLES engaged in the conduct described above knowingly and willfully, and not because of accident, mistake, or other innocent reason.

DENA J. KING
United States Attorney
Western District of North Carolina

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

DATED: 6.6.2022

CHRISTOPHER FENTON, Trial Attorney
U.S. Department of Justice, Criminal Division, Fraud Section

5

FW

## Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Superseding Indictment, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Superseding Indictment, and the Plea Agreement.

_____  DATED: 5-27-22
S. FREDERICK WINIKER, III, Esq.
Attorney for Daniel Thomas Broyles, Sr.